SAMUEL HOFFMAN ET AL. V. WIEDEMAN BREWING CO.

TIME OF MATURITY AND MANNER OF PAYMENT OF A NOTE ARE MATERIAL AND SHOULD BE PROPERLY CHARGED UPON.

The time of maturity of a note and the manner of its payments are material parts thereof, and it is error to refuse to charge the jury with reference to these matters where they constitute issues of fact which the jury must determine.

ERROR to Hamilton common pleas court.

B. C. Fox, for plaintiffs in error.

W. C. Taylor, for defendant in error.

**SMITH, J.**

The court is of the opinion that the judgment of the trial court in the above case should be reversed.

Hamilton County.

We see no objection to the admission in evidence of the note sued on, nor do we find any error in the trial court giving the special charge asked by defendant in error.

The sole question of fact being one of alteration of the promissory note sued upon, we think there was error in not giving to the jury the two special charges asked by the plaintiffs in error, one of which related to the time after the date of the note when it became due, and the other to the insertion in the note by the defendant in error, the words, "payable ten dollars per week."

We do not think these questions were properly submitted to the jury in the general charge of the court. As we have already said, they raised the question of fact as to alteration, and under Secs. 3171m and 3175o Rev. Stat. (Gen. Code 8119 and 8121), the jury were called upon to determine this from the evidence under proper instructions. The date borne by a promissory note has been held to be a material part thereof (*Newman* v. *King,* 54 Ohio St. 273 [43 N. E. Rep. 683; 35 L. R. A. 471; 56 Am. St. Rep. 705]), and we see no reason why the time of maturity of a note, or the manner of its payment is not also a material part thereof. If this is true, then it was simply a question of fact to be determined by the jury whether or not the alterations made in this respect were made by the agreement of the parties or not, and we think the trial court upon this question did not properly charge the jury as set out in the general charge.

For these reasons the judgment of the court below will be reversed.

**Giffen** and **Swing, JJ.,** concur.